UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WORISHMIN DIETRICH,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE RECOVERY SYSTEMS, LTD.<br><br>    Defendant. | Case No. 3:20-cv-03015 |

## COMPLAINT

**NOW COMES** WORISHMIN DIETRICH, by and through her undersigned counsel, complaining of Defendant, NATIONWIDE RECOVERY SYSTEMS, LTD., as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.  WORISHMIN DIETRICH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Virginia.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  NATIONWIDE RECOVERY SYSTEMS, LTD. ("Defendant") is a corporation organized and existing under the laws of Texas.

1

7. Defendant maintains its principal place of business at 4635 Mcewen Road, Dallas, Texas 75244.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of its business is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. In 2018, Plaintiff received medical services at a local hospital.

10. Plaintiff maintained health insurance at the time of the hospital visit and believed that her insurance company would cover the medical services.

11. Plaintiff's health insurance apparently failed to cover the entire balance for the medical services.

12. Accordingly, Plaintiff's unpaid balance was placed with Defendant for collection ("subject debt").

13. In 2019, Plaintiff began to receive collection phone calls from Defendant attempting to collect the subject debt.

14. During one answered, Plaintiff requested that Defendant send her information in writing regarding the subject debt.

15. In response, Defendant's representative advised Plaintiff that Defendant will only provide Plaintiff with information regarding the subject debt in writing if Plaintiff provides Defendant with her credit card information.

16. Plaintiff declined the representative's troubling proposal and requested that Defendant send her documentation establishing that Plaintiff owed the subject debt. Moreover, Plaintiff requested that Defendant cease its collection calls.

17. Defendant did not send Plaintiff any documentation establishing that Plaintiff owed the subject debt.

18. Instead, Defendant continued its harassing collection calls, including calls from the number 844-202-5776.

19. In total, Defendant placed dozens of harassing collection calls to Plaintiff's cellular phone.

20. To this date, Plaintiff has not received any written correspondence from Defendant regarding the subject debt.

21. Defendant's phone calls and abusive collection practices caused Plaintiff undue aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction caused by Defendant's phone calls, invasion of privacy, loss of concentration, nuisance, stress, and wasting Plaintiff's time.

22. Concerned with Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violations of FDCPA §1692d

24. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

3

25. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §§1692d and d(5) by placing collection calls to Plaintiff attempting to collect the subject debt after Plaintiff requested that the calls cease.

27. Defendant's collection calls to Plaintiff were placed with the specific intent of annoying, harassing, and abusing the Plaintiff.

28. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to annoy and harass Plaintiff.

## Violations of 15 U.S.C. § 1692e

29. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Defendant violated 15 U.S.C. §§1692e and e(10) by falsely and deceptively representing to Plaintiff that she was only entitled to information in writing if she submitted her credit card information.

31. Specifically, the FDCPA requires debt collectors to send consumers certain disclosures in writing regarding the debt they are attempting to collect within five days of the initial communication with the consumer. *See* 15 U.S.C. 1692g.

4

**Violations of FDCPA §1692g**

32. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

33. Defendant violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff.

34. As pled above, Plaintiff was severely harmed by Defendant's unfair and abusive collection practices.

35. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d, d(5), e, e(10), and g pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the FDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.  Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 30, 2020                                    Respectfully submitted,

**WORISHMIN DIETRICH**

*/s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

6